## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Deborah M. Bey <u>Debtor</u> | CHAPTER 13 |
| JPMorgan Chase Bank, National Association <u>Movant</u> vs. | NO. 14-14355 ELF |
| Deborah M. Bey <u>Debtor</u> Thermon O. Dooley, Jr. <u>Co-Debtor</u> William C. Miller <u>Trustee</u> | 11 U.S.C. Section 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

    1.    The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$6,060.22**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2017 at $2,147.93/month |
| | September 2017 to October 2017 at $2,072.50/month |
| Suspense Balance: | $232.71 |
| **Total Post-Petition Arrears** | **$6,060.22** |

    2.    The Debtors shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall file a Motion to Modify their Chapter 13 Plan to include the post-petition arrears of **$6,060.22.**

    b). This Stipulation shall serve as a Supplemental Proof of Claim to the Proof of Claim filed JPMorgan Chase Bank, National Association, in this case, and a 410A form shall not be required for this Supplemental Proof of Claim.

    3.    Beginning with the payment due November 1, 2017 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $2,072.50 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

    4.    Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

*D. Bey - Bky #14-14355*

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: Ocrober 11, 2017

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: _____

Georgette Miller, Esquire
Attorney for Debtors

Date: 10/18/2017

William C. Miller
Chapter 13 Trustee

*without prejudice to trustee rights or remedies*

**NO OBJECTION**

Approved by the Court this ____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank