United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Deborah M. Bey  
      Debtor

Case No. 14-14355-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Randi    Page 1 of 1    Date Rcvd: Oct 20, 2017  
                        Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 22, 2017.  
db         +Deborah M. Bey,   109 Plowshare Road,   Norristown, PA 19403-2626

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 22, 2017                                                                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 20, 2017 at the address(es) listed below:
        BRIAN CRAIG NICHOLAS    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
        GEORGETTE  MILLER    on behalf of Debtor Deborah M. Bey info@georgettemillerlaw.com,
         georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemillerlaw.com;r50524@notify.bestcase.com
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com
        MATTEO SAMUEL WEINER    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         bkgroup@kmllawgroup.com
        REBECCA ANN SOLARZ    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         bkgroup@kmllawgroup.com
        THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
         philaecf@gmail.com
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                                                                     TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Deborah M. Bey <br> _Debtor_ | CHAPTER 13 |
| JPMorgan Chase Bank, National Association <br> _Movant_ <br> vs. | NO. 14-14355 ELF |
| Deborah M. Bey <br> _Debtor_ <br><br> Thermon O. Dooley, Jr.  _Co-Debtor_ | 11 U.S.C. Section 362 and 1301 |
| William C. Miller <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$6,060.22**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2017 at $2,147.93/month |
| | September 2017 to October 2017 at $2,072.50/month |
| Suspense Balance: | $232.71 |
| **Total Post-Petition Arrears** | **$6,060.22** |

2. The Debtors shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall file a Motion to Modify their Chapter 13 Plan to include the post-petition arrears of **$6,060.22**.

    b). This Stipulation shall serve as a Supplemental Proof of Claim to the Proof of Claim filed JPMorgan Chase Bank, National Association, in this case, and a 410A form shall not be required for this Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2017 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $2,072.50 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

D. Buy - Bky #14-14355

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   Ocrober 11, 2017

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date:_____

Georgette Miller, Esquire
Attorney for Debtors

Date: 10/18/2017

William C. Miller
Chapter 13 Trustee

*without prejudice to trustee rights or remedies*

**NO OBJECTION**

**ORDER**

Approved by the Court this 20th day of October, 2017. However, the court retains discretion regarding entry of any further order

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**